# EXHIBIT A-1

# COMPLAINT

Case 1:21-cv-04879-LMM   Document 1-1   Filed 11/29/21   Page 2 of 15

EXHIBIT A

State Court of Fulton County
**E-FILED**
21EV005371
10/11/2021 5:32 PM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

**STATE COURT OF FULTON COUNTY**
Civil Division

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE #: _____

Joshua Lawson, Individually, and as Administrator of the Estate of Dr. Mona Lawson, deceased

Plaintiff's Name, Address, City, State, Zip Code

vs.

Aqua Gulf Xpress, Inc.
c/o Lisa Browne
1830 East 21st Street
Jacksonville, Florida 32206

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $ _____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $ _____ |
| [ ] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $ _____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Amanda Evans, Evans and White
Address: 643 Atlanta Ave SE
City, State, Zip Code: Atlanta, Georgia 30312     Phone No.: 404-334-5300

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**
Served, this _____ day of _____, 20_____.     _____
                                                                DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

**WRITE VERDICT HERE:**
We, the jury, find for _____
_____
This _____ day of _____, 20_____.     _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

Case 1:21-cv-04879-LMM   Document 1-1   Filed 11/29/21   Page 3 of 15

EXHIBIT A

State Court of Fulton County
**E-FILED**
21EV005371
10/11/2021 5:32 PM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

**STATE COURT OF FULTON COUNTY**
Civil Division

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE #: _____

Joshua Lawson, Individually, and as Administrator of the Estate of Dr. Mona Lawson, deceased

Plaintiff's Name, Address, City, State, Zip Code

vs.

Isaac Maikel
2710 Columbine Drive
Jacksonville, Florida 32211

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Amanda Evans, Evans and White
Address: 643 Atlanta Ave SE
City, State, Zip Code: Atlanta, Georgia 30312         Phone No.: 404-334-5300

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

***SERVICE INFORMATION:***
Served, this _____ day of _____, 20_____.        _____
                                                          DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

**WRITE VERDICT HERE:**
We, the jury, find for _____

_____
This _____ day of _____, 20_____.        _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

Copy from re:SearchGA

EXHIBIT A

State Court of Fulton County
**E-FILED**
21EV005371
9/9/2021 2:31 PM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**                                   DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**                CIVIL ACTION FILE #: _____
Civil Division

Plaintiff: Joshua Lawson, Individually, and as Administrator of the Estate of Dr. Mona Lawson, deceased

Plaintiff's Name, Address, City, State, Zip Code

vs.

Carolina Casualty Insurance Company
c/o Amelia Garner, CT Corporation
1201 Peachtree Street NE
Atlanta, Georgia 30361

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Amanda Evans, Evans and White
Address: 643 Atlanta Ave SE
City, State, Zip Code: Atlanta, Georgia 30312            Phone No.: 404-334-5300

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**
Served, this _____ day of _____, 20_____.    _____
                                                           DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

**WRITE VERDICT HERE:**
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

Copy from re:SearchGA

Case 1:21-cv-04879-LMM   Document 1-1   Filed 11/29/21   Page 5 of 15

EXHIBIT A

State Court of Fulton County
**E-FILED**
21EV005371
9/9/2021 2:31 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JOSHUA LAWSON, individually, and JOSHUA LAWSON, as Administrator of the Estate of MONA LAWSON, deceased, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. |
| v. | ) ) | |
| AQUA GULF XPRESS, INC., ISAAC MAIKEL, and CAROLINA CASUALTY COMPANY, | ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' COMPLAINT

COME NOW Plaintiffs in the above-styled action and hereby file their Complaint as follows:

1.

On or about April 16, 2020, Dr. Mona Lawson died, survived by her brother Joshua Caraway Lawson, and her sister, Camden Eng.

2.

Joshua Caraway Lawson is the duly appointed Administrator of the Estate of Dr. Mona Lawson, by virtue of the Order of the Probate Court of Cobb County, attached hereto as Exhibit "A."

3.

Plaintiff Joshua Lawson, individually, and Plaintiff Joshua Lawson, as the Administrator of the Estate of Dr. Mona Lawson, deceased, states his intention to bring each and every claim permissible under Georgia Law for all Plaintiffs and claims,

including himself, and the Estate, and seek all special damages, economic losses, medical expenses, funeral and burial expenses, necessary expenses, pain and suffering and all compensatory, special, actual, general, and punitive damages permissible under Georgia law.

4.

Defendant Aqua Gulf Xpress, Inc. (hereinafter referred to as "Defendant(s)" or "Aqua") is a Florida corporation doing business in the State of Georgia and may be served through its registered agent for service of process, Lisa Browne, 1830 East 21st Street, Jacksonville, Florida 32206.  Jurisdiction and venue are proper.  This Defendant has been properly served with process in this action.

5.

Defendant Isaac Maikel (hereinafter referred to as "Defendant(s)" or "Maikel") is a resident of Florida and may be served at his personal residence located at 2710 Columbine Dr., Jacksonville, Florida 32211.  Jurisdiction and venue are proper.  This Defendant has been properly served with process in this action.

6.

At the time of the subject collision, Defendant Carolina Casualty Insurance Company (hereinafter referred to as "Carolina") provided a policy of liability insurance on behalf of Aqua Gulf Xpress, Inc. and Isaac Maikel, common carriers for hire, the same being policy of insurance number 5009461.  Said policy was in effect on January 21, 2020.  Defendant Carolina is subject to suit by direct action pursuant to the provisions of O.C.G.A. § 46-7-12.  Service may be made upon Defendant Carolina's registered agent for service to wit: Amelia Garner, c/o CT Corporation, 1201 Peachtree Street NE,

Copy from re:SearchGA

Atlanta, Georgia 30361. Jurisdiction and venue are proper. This Defendant has been properly served with process in this action.

7.

Defendant Aqua is a motor common carrier and transports goods throughout Georgia and nationwide. On January 21, 2020, Defendant Maikel was an employee and agent acting within the course and scope of his employment at all times for Defendant Aqua. Carolina Casualty is subject to direct action pursuant to the provisions of O.C.G.A. § 46-7-12. All other Defendants are jointly and severally liable and Defendant Aqua is liable for the actions of Defendant Maikel under theories of *Respondeat Superior*, vicarious liability, and agency principles.

8.

On the morning of January 21, 2020, Dr. Mona Lawson was heading east on Paces Mill Road, attempting to turn right unto Cobb Parkway, in Cobb County, Georgia. Dr. Lawson came to a full stop to wait for traffic coming south on Cobb Parkway. Defendant Maikel, driving Defendant Aqua Gulf's tractor trailer, was going too fast for conditions. Defendant Maikel violated a traffic control device and ran through a red light. He lost control of his vehicle and it flipped over unto Dr. Lawson's car, crushing the car beneath it.

9.

Dr. Lawson had just enough time to lean over in her seat to avoid being crushed by the truck. She was pinned by the roof, dashboard and steering wheel. She was trapped in her car for approximately 45 minutes while the firefighters worked to cut her out. After she was extracted from the vehicle Dr. Lawson was taken to the hospital.

Copy from re:SearchGA

10.

As a direct and proximate result of Defendants Aqua and Maikel's negligence, Dr. Lawson sustained injuries and pain and suffering, as well as extreme emotional distress.

11.

Defendant Maikel's negligence included, but is not limited to, one or more of the following: negligently failing to keep a proper lookout, negligently traveling at an excessive speed under the circumstances, negligently failing to maintain his vehicle under proper control, failing to obey a traffic control device, negligently failing to use or sound a signal or warning, negligently failing to make timely and proper application of brakes, negligently striking the vehicle occupied by Dr. Lawson, negligently failing to stop and brake his commercial vehicle and any other acts of negligence that may be proven at trial.

12.

Defendant Maikel failed to operate his vehicle with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including Dr. Lawson.

13.

At all times mentioned herein, Dr. Lawson exercised ordinary care under the circumstances then existing and as a passenger was completely free of any negligence in the collisions at issue.

14.

Defendant Maikel's actions constituted negligence in operating his vehicle contrary to the reasonable and safe conditions and circumstances then existing.

Copy from re:SearchGA

15.

Defendant Maikel's actions constituted negligence in operating his vehicle in excess of and/or contrary to the safe speed limit and in compliance with a traffic control device.

16.

Defendant Maikel's actions constituted negligence by engaging in a driving manner which was ill-timed and improper, causing danger, injuries, damages, losses, physical pain and emotional distress to and the wrongful death of Dr. Mona Lawson.

17.

Defendant Maikel was negligent in failing to properly inspect his equipment and vehicle before their operation, and negligently failing to take appropriate precautionary measures and procedures to prevent injuries to others, including Dr. Mona Lawson.

18.

At the time of the subject incident, Defendant Maikel was acting at the direction and under the control of Defendant Aqua, was an agent and employee of Defendant Aqua operating his vehicle in the course and scope of his employment with said Defendant, and with Defendant Aqua's permission.

19.

Defendant Aqua negligently hired, supervised, trained and retained Defendant Maikel and negligently entrusted the tractor-trailer operation responsibilities to Defendant Maikel.  Defendant Aqua negligently failed to implement and utilize proper procedures to evaluate Defendant Maikel's skills and expertise for the operation of said tractor-trailer.

Copy from re:SearchGA

20.

Because Defendants had knowledge of, or in the exercise of reasonable care should have had knowledge of the negligence discussed herein and the dangerous condition(s) created by their actions, Defendants are liable for the negligent supervision, hiring, training, and retention of their management, agents and employees and the entrustment of said tractor-trailers to said management, agents and employees.

21.

Defendants Aqua and Maikel were negligent in failing to promulgate and enforce company policies, procedures and rules for the protection of the public, including but not limited to Dr. Mona Lawson.

22.

Defendants Aqua and Maikel failed to adhere to pertinent aspects of Georgia motor vehicle laws and regulations, Georgia motor common carrier regulations, and all applicable Federal motor carrier and motor common carrier regulations.

23.

Defendants Aqua and Maikel were and are negligent *per se*.

24.

Defendants Aqua and Maikel failed to properly maintain the vehicle at issue and negligently inspected said vehicle prior to the trip at issue. Said negligence proximately caused the injuries and death of Dr. Mona Lawson.

25.

Defendants were negligent for all other acts of negligence as may be shown at trial.

6

Copy from re:SearchGA

26.

Defendant Aqua and Maikel proximately caused the injuries to and death of Dr. Mona Lawson and are therefore jointly and severally liable for the wrongful death of Dr. Mona Lawson and all damages recoverable under Georgia law.

27.

The injuries and death sustained by Dr. Mona Lawson were the direct and proximate result of the negligence of Defendants.  But for said negligence, Dr. Lawson would not have suffered injuries and died.

28.

As a proximate and foreseeable result of the negligence of Defendants Aqua and Maikel, decedent Dr. Mona Lawson received serious injuries and death, endured pain and suffering, mental anguish, became aware of her impending death, loss of the enjoyment of life, and suffered other damages as will be proven at trial and permitted under Georgia law.  Plaintiff Joshua Lawson, as the surviving sibling and administrator of the estate of Dr. Mona Lawson, is entitled to recover the full value of the life of Dr. Mona Lawson for her wrongful death, and all other elements of damages allowed under Georgia law. Plaintiffs state their intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

    a) Personal injuries;

    b) Pain and suffering;

    c) Mental anguish;

    d) Loss of the enjoyment of life;

Copy from re:SearchGA

e) Wrongful death;

f) Funeral expenses;

g) Incidental expenses;

h) Loss of earnings;

i) Medical expenses; and

j) Consequential damages to be proven at trial.

29.

Plaintiff Joshua Lawson, as the Administrator of the Estate of Dr. Mona Lawson, is entitled to recover for the injuries and conscious pain and suffering sustained by Dr. Mona Lawson prior to her death, any medical and funeral expenses, and all other elements of damages allowed under Georgia law.  Plaintiffs state their intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law.

30.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant Carolina is liable to Plaintiffs and responsible for payment of damages incurred by the Plaintiffs as a result of the negligent acts of Defendants Aqua and Maikel.

31.

Plaintiffs are entitled to recover punitive damages, from Aqua. and Maikel, because the actions of these Defendants and their agents and employees showed willful misconduct, malice, fraud, wantonness, oppression and an entire want of care which would raise the presumption of conscious indifference to consequences.  These

8

Copy from re:SearchGA

Defendants acted with willful misconduct, malice, fraud, oppression, wantonness and an entire want of care raising the presumption of conscience indifference to the consequences.  Accordingly, Plaintiff Joshua Lawson, as the Administrator of the Estate of Dr. Mona Lawson, is entitled to recover punitive damages, without limitation or cap, from each of these Defendants, in accordance with the enlightened conscience of an impartial jury.

32.

Defendants Aqua and Maikel's actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiffs undue expense.  Thus, Plaintiffs are entitled to recover their necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

WHEREFORE, the Plaintiffs pray that:

(a)     Process issue as provided by law;

(b)     Plaintiffs be awarded actual damages in amounts to be shown at trial from the Defendants;

(c)     Plaintiff Joshua Lawson, as Administrator of the Estate of Dr. Mona Lawson, recover any and all damages allowed by law, including for conscious pain and suffering, as well as all general, special, compensatory, economic and punitive damages from Defendants in accordance with the enlightened conscience of an impartial jury;

(d)     Plaintiff Joshua Lawson, as the surviving sibling and administrator of the estate of Dr. Mona Lawson, be awarded all damages for the wrongful death of Dr. Mona Lawson, and all general, special, compensatory, economic, punitive and other allowable

9

Copy from re:SearchGA

damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

    (e)    Plaintiffs have a trial by jury; and

    (f)    Plaintiffs have such other relief as this Court deems just and proper.

TRIAL BY JURY IS HEREBY DEMANDED.

This 9th day of September, 2021.

        Respectfully submitted,

        **EVANS AND WHITE**

        Dennis White
        Georgia Bar No. 753240
        Amanda Evans
        Georgia Bar No. 940328
        Attorneys for Plaintiff

**EVANS AND WHITE**
643 Atlanta Ave SE
Atlanta, Georgia 30312
(404) 334-5300
amanda@evansandwhite.com
dennis@evansandwhite.com

10

Copy from re:SearchGA



# Probate Court of Cobb County

IN THE PROBATE COURT OF COBB COUNTY
STATE OF GEORGIA

2020 JUL -7 PM 2: 46

IN RE: ESTATE OF )
)
**MONA LOUISE LAWSON,** ) ESTATE NO. **20-0845**
**DECEASED** )

## LETTERS TESTAMENTARY
*[Relieved of Filing Returns]*

At a regular term of Probate Court, the Last Will and Testament dated **AUGUST 11, 1993** of the above-named Decedent, who was domiciled in this County at the time of his or her death or was domiciled in another state but owned property in this County at the time of his or her death, was legally proven in Solemn Form to be the Decedent's Will and was admitted to record by order, and it was further ordered that **JOSHUA CARAWAY LAWSON** named as Executor in said Will, be allowed to qualify, and that upon so doing, Letters Testamentary be issued to such Executor.

THEREFORE, the Executor, having taken the oath of office and complied with all necessary prerequisites of the law, is legally authorized to discharge all the duties and exercise all powers of Executor under the Will of said Decedent, according to the Decedent's Will and the law.

Given under my hand and official seal, the 7th day of July, 2020.

Tara C. Riddle, Associate Judge
Cobb County Probate Court

NOTE: The following must be signed if the Judge does not sign the original of this document:

Issued by: [Seal]

Francisco F. Ruiz
Clerk of the Probate Court

Exhibit A

Copy from re:SearchGA